**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted February 21, 2018[*]
Decided February 28, 2018

### Before

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

| | |
|---|---|
| No. 17-2752 | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| DELVARIS S. BOOKER, *Plaintiff-Appellant,* | |
| *v.* | No. 16-CV-1047-JPS |
| JOHNSONVILLE, LLC, *Defendant-Appellee.* | J.P. Stadtmueller, *Judge.* |

### Order

Delvaris Booker contends that his former employer discriminated against him, based on his race, by denying him training, not hiring him for a specific position, and permitting an employee to use racially tinged words, all in violation of 42 U.S.C. §2000e–2. The district court entered summary judgment for the employer. 2017 U.S. Dist. LEXIS 119314 (E.D. Wis. July 31, 2017).

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

The district court relied on the employer's version of the facts after concluding that Booker had not controverted them in the manner required by its Local Rule 56. Booker disagrees with this decision but does not deny that he received notice of the rule. Many decisions hold that district courts are entitled to enforce their local rules about how factual matters must be presented when seeking or opposing summary judgment. See, e.g., *Boss v. Castro*, 816 F.3d 910, 914 (7th Cir. 2016). We need not decide whether Booker adequately alerted the district judge to his version of the facts, because even as outlined in this court his contentions fall short substantively.

Johnsonville hired Booker in January 2015 for part-time work. After six months he applied for a better position and was interviewed by Kim Westphal, a supervisor. She hired a white applicant for this job, and Booker, who is African American, calls this race discrimination. It was not, because the hired applicant was objectively better qualified—he had already been performing, satisfactorily, many of the position's functions.

Westphal was impressed enough with Booker to hire him to work for her in a full-time job in a department different from the one where Booker was working part time. In the two weeks preceding the transfer to the new job, his supervisor (Robert Roska) stopped training him for the part-time tasks he was then performing. Again he calls this race discrimination; again that contention is objectively deficient, because Booker does not identify anyone, of any race, who Roska ever continued to train for tasks that the employee would shortly stop performing. Most supervisors have better things to do than administer training that no longer serves a purpose.

After starting his new position, Booker asserted in an internal complaint that Roska had called him "boy." Roska denied this and contended that he had once said "atta boy" when Booker did some excellent work. Booker concedes that Roska may well have said "atta boy" rather than just "boy"—and the difference is one between praise and slur. If Booker were arguing that Roska regularly used the word "boy" by itself, summary judgment would be inappropriate. See *Ash v. Tyson Foods, Inc.*, 546 U.S. 454 (2006). But the phrase "atta boy" cannot be condemned in federal litigation just because it contains a word that is derogatory when used alone. Booker does not contend that Roska said "atta boy" only to minority employees and used other laudatory phrases for white workers. And even if we assume that there was a single use of "boy" without the "atta," that would fall short of creating a hostile work environment as the Supreme Court uses that phrase. See, e.g., *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75 (1998); *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57 (1986); *Nichols v. Michigan City Plant Planning Department*, 755 F.3d 594, 601 (7th Cir. 2014).

Finally, Booker asserts that the district judge himself must be biased, because the judge denied three of his motions (one proposing to amend the complaint and two seeking protective orders). We see no hint of prejudice in these rulings. Every motion produces a winner and a loser; that Booker was on the losing side says nothing about the judge's motives. See *Liteky v. United States*, 510 U.S. 540, 555 (1994). All of the contested rulings were supported by objectively adequate reasons.

AFFIRMED